UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MOISES DE LA LUZ MARTINEZ,
Petitioner,
v.
THOMAS P. GILES, et al.,
Respondents.

Case No. 5:26-cv-05161-SSC

MEMORANDUM AND ORDER

Petitioner has filed a counseled habeas petition challenging the legality of his arrest. Petitioner claims that officers arrested him without a warrant and failed to identify themselves as immigration officers in violation of statutory and constitutional requirements. The parties offer different accounts of the facts surrounding Petitioner's arrest. Even assuming the alleged violations occurred, the violations do not entitle Petitioner to release from custody and thus the petition is denied.

**I**

Petitioner Moises De La Luz Martinez is a citizen of Mexico who entered the United States without inspection. (ECF 9 at 3; ECF 13-3 at 3.) On January 26, 2008, the Department of Homeland Security filed a Notice to Appear against Petitioner, and Petitioner was released on his own recognizance pursuant to Form I-220A on February 15, 2008.

(ECF 9 at 5.) In November 2013, the immigration judge ordered Petitioner's case closed upon the joint request of the parties. (*Id.*; ECF 13-3.) Petitioner's case was re-calendared in 2025, and Petitioner was ordered removed by an immigration judge on March 24, 2026. (ECF 9 at 5; ECF 13-3 at 3.) Petitioner filed an appeal with the Board of Immigration Appeals (BIA), a motion to reopen with the immigration judge, and a motion to reopen with the BIA, all of which were denied. (ECF 9 at 5; ECF 13-3 at 3.) An appeal of the denial of the motion to reopen is pending before the BIA. (ECF 9 at 5; ECF 13-3 at 3.) On September 4, 2026, after presenting his identity document at a security screening point at John Wayne Airport to board a domestic flight, Petitioner was detained by immigration authorities. (ECF 9 at 6; ECF 13-3 at 2.)

Two days later, he filed a counseled petition for writ of habeas corpus by a person in federal immigration custody pursuant to 28 U.S.C. § 2241. (ECF 1.) On the same day, Petitioner filed an *ex parte* application for temporary restraining order (TRO), which the Court denied without prejudice citing the default expedited briefing schedule. (ECF 2; ECF 6.) On September 9, 2026, Petitioner filed an additional, nearly identical *ex parte* application for TRO (ECF 7), which the Court denied for the same reasons (ECF 15).

On September 14, 2025, Petitioner filed an amended petition (ECF 9), and a third *ex parte* application for TRO (ECF 10), explaining that Respondents gave Petitioner informal notice of their intent to remove him from the United States. Respondents filed an answer to the petition on September 15, 2026 (ECF 13) and attached thereto a Notification of Removal expressing their intent to move Petitioner outside of the district to effectuate removal to Mexico, on or after

September 18, 2026 (ECF 13-1). On the same day, Petitioner filed an additional *ex parte* application for a TRO (ECF 14) and a traverse (ECF 15).

Petitioner argues that his detention is unlawful on two grounds: (1) ICE officers arrested him without a warrant in violation of 8 U.S.C. § 1357(a)(2) and the Fourth Amendment, and (2) the arresting officers did not identify themselves as immigration officers authorized to execute an arrest in violation of 8 C.F.R. § 287.8(c)(2)(iii)(A). (ECF 9 at 8–9.) The government argues that Petitioner has failed to demonstrate entitlement to the relief he seeks. (ECF 13 at 2.)

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Petitioner first claims that the officers violated 8 U.S.C. § 1357(a)(2) and the Fourth Amendment by arresting him without a warrant. (ECF 9 at 8.) Petitioner alleges that the arresting officers "did not have and did not present an administrative warrant of any kind" and that the facts did not justify a warrantless arrest. (ECF 9 at 6.)

**A**

Petitioner has not met his burden to show unlawful detention based on a warrantless arrest. The amended petition is not verified. (ECF 9.) The original petition purports to be verified under 28 U.S.C. § 2242, but the verification is by counsel alone (ECF 1 at 10) and does not state that it is based on facts as represented by Petitioner. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (failure of petitioner himself to verify the petition is a defect that the district court may remedy or ignore). Even assuming acceptable verification, the petition provides no basis for personally knowing that the arresting officers lacked a warrant. *See Runnels v. Rosendale*, 499 F.2d 733, 734–35 (1974) (allegations of a verified complaint could be taken as true for evidentiary purposes where they reflect matters within the personal knowledge of the plaintiff).

Further, contrary to Petitioner's contention, the I-213 attached to Respondents' answer explains that Petitioner was arrested as part of a targeted enforcement action for which the agents "obtained a signed US DHS Warrant for Arrest of Alien, Form I-200." (ECF 13-3 at 2, 4.) The I-213 further provides that the purpose of the action was "to locate, identify and arrest" Petitioner. (*Id.*) While Petitioner argues in his traverse that Respondents could/must provide more than the I-213 (ECF 15 at 8), it is Petitioner's burden. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (in "federal habeas proceedings, it is the petitioner who bears the burden of proving his case"); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) ("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it."); *see also* 28 U.S.C. § 2248

("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true[.]").

**B**

But even assuming that Petitioner was arrested without a warrant or an exception thereto, that defect would not entitle Petitioner to release. The operative amended petition asks the Court to grant "such other relief as the Court deems just and proper." (ECF 9 at 13.) The relief ordinarily sought through a petition for a writ of habeas corpus is release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that "the traditional function of the writ is to secure release from illegal custody"); *Dep't of Homeland Sec. v. Thuraissigiam*, 491 U.S. 103, 103–04 (1959) ("Habeas has traditionally provided a means to seek release from unlawful detention.").

A habeas petition tests the lawfulness of a detainee's present custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) ("Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [the petitioner's] detention is illegal today."). Petitioner admits that he is subject to a final order of removal (ECF 9 at 5), and 8 U.S.C. § 1231 permits detention to effectuate such removal. Thus, "if sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923); *see Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("[D]efects in an arrest are not cognizable in habeas corpus."); *Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (holding that a detainee's contention

that he was taken into custody without a warrant was "immaterial" in a petition for writ of habeas corpus where the detainee was lawfully subject to detention under a relevant immigration statute); *Urias v. Warden-Facility Adm'r*, No. 5:26-CV-01972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (rejecting the claim that release is the proper remedy for a warrantless arrest).

***

For the foregoing reasons, Petitioner's request for habeas relief on this ground is DENIED.

**IV**

Petitioner's second claim asserts that the arrest was independently unlawful because "the arresting officers did not identify themselves as immigration officers authorized to execute an arrest" as required by 8 C.F.R. § 287.8(c)(2)(iii)(A). The regulation cited discusses conduct during arrests and provides in pertinent part that the arresting immigration officer "shall, as soon as it is practical and safe to do so: (A) Identify himself or herself as an immigration officer who is authorized to execute an arrest[.]" *Id.*

The I-213 form provides that ICE officers "operated in plainclothes clearly displaying their department-issued badge worn with a neck lanyard sitting at the center of the chest area serving high visibility." (ECF 13-3 at 2.) It further provides that upon making contact with Petitioner, "ICE officers verbally and physically identified themselves as Police-ICE simultaneously displaying their ICE credentials, photo and badge." (*Id.*) Petitioner's account says otherwise claiming in the petition that arresting agents identified themselves only as airport security. (ECF 9 at 7.) Petitioner also submits a declaration from an airline employee who witnessed his arrest which states that she did not

witness the arresting agents identify themselves "nor did they show anything to anyone as they took the man that they put in handcuffs away." (ECF 10-3 at 1.)

The Court need not resolve this factual dispute because release is not an appropriate remedy for unlawful conduct in the original arrest. "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Papikyan v. Semaia*, No. EDCV 26-1824-SB, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (quoting *Bilokumsky*, 263 U.S. at 158). Petitioner here does not challenge his current detention but rather the "legality of the warrantless arrest and seizure of his person." (ECF 3.) Release from custody does not follow as the proper remedy.

The cases relied upon by Petitioner—*I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1051–51 (1984), and *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1449 (9th Cir. 1994)—do not require a different result. Neither case involved a habeas challenge to an unlawful arrest, but rather addressed the potential exclusion of evidence in deportation proceedings.

In *Lopez-Mendoza*, the defendants in a civil deportation hearing moved to terminate the hearing alleging an illegal arrest. 468 U.S. at 1035. The Supreme Court held that the exclusionary rule does not apply in a civil deportation hearing, writing that the "'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." *Id.* at 1039. The Court further confirmed that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1039–40.

The Ninth Circuit acknowledged an exception to this rule for egregious violations. In *Gonzalez-Rivera*, a deportee petitioned for review of the BIA's reversal of a decision by an immigration judge that Border Patrol officers had stopped the petitioner based solely on his Hispanic appearance in violation of the Fourth Amendment. 22 F.3d at 1444. The immigration judge concluded that this was an "egregious Fourth Amendment violation" and granted a motion to suppress evidence of the I-213 form at the petitioner's immigration proceedings. *Id.* Agreeing with the immigration judge, the Ninth Circuit reversed and remanded, concluding that the officers' conduct constituted a bad faith, egregious constitutional violation that warrants application of the exclusionary rule. *Id.* at 1452.

Petitioner cites no case applying these authorities to require release from custody in the habeas corpus context and for the reasons stated above, the Cout declines to do so. Petitioner's request for habeas relief on this ground is DENIED.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered denying the petition. All other pending applications for temporary relief are denied as MOOT.

DATED: September 17, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE